# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ADRIAN ANTHONY DOUGLAS,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:18-CV-1515
CRIM. NO. 2:17-CR-36
JUDGE MICHAEL H. WATSON
Magistrate Kimberly A. Jolson

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. (Doc. 130). This matter is before the court on the instant motion, Respondent's Response in Opposition, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the Undersigned **RECOMMENDS** that this action be **DISMISSED**. In addition, Petitioner's request for an evidentiary hearing is **DENIED**.

## I. FACTS AND PROCEDURAL HISTORY

On June 14, 2017, Petitioner pleaded guilty pursuant to the terms of his negotiated Plea Agreement to conspiracy to distribute over 1000 kilograms of marijuana, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Docs. 50, 55). On January 19, 2018, the Court imposed a term of 144 months imprisonment, to be followed by five years of supervised release. (Doc. 116).

On November 26, 2018, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. (Doc. 130). He asserts that he was denied the effective assistance of counsel because his attorney failed to advise him that he would be subject to automatic deportation by entry of his guilty plea, and that his guilty plea therefore was not knowing, intelligent or voluntary; that the Court

improperly failed to advise him that he faced mandatory deportation, in violation of Rule 11 of the Federal Rules of Criminal Procedure; that the Court erred in imposing a two-level enhancement in Petitioner's recommended sentence under the advisory United States Sentencing Guidelines under the provision of U.S.S.G. § 3B1.1(c) and that he was denied the effective assistance of counsel based on his attorney's failure to object; and that he was denied the effective assistance of counsel because his attorney failed to request that his sentence for revocation of the terms of his supervised release run concurrently to his sentence in this case. It is the position of the Respondent that none of Petitioner's claims provide a basis for relief.

## II. STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To obtain relief under 28 U.S.C. § 2255, a prisoner must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

In addition, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982))). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause and actual

prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## III. DISCUSSION

As noted, Petitioner has brought multiple claims.

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id*. at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.*

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland*, 466 U.S. at 689. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Therefore, a petitioner must also establish prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id*. at 692.

In order to establish prejudice, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id*. Because a petitioner must satisfy both prongs of *Strickland* in order to demonstrate ineffective assistance of counsel, should a court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

Relevant here, because a criminal defendant waives numerous constitutional rights when he pleads guilty, the guilty plea must be entered knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, a court must look at the totality of the circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Further, a criminal defendant cannot successfully challenge the voluntariness of his plea merely on the basis that he was motivated to plead guilty. *Brady v. United States*, 397 U.S. 742, 750 (1970).

However, a petitioner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). *Strickland*'s two part test applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief on that basis, however, a petitioner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea

4

process. In other words, in order to satisfy the "prejudice" requirement, the
defendant must show that there is a reasonable probability that, but for counsel's
errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884. Petitioner has failed to meet this burden.

Petitioner claims that he was denied the effective assistance of counsel—and that his guilty plea was not knowing, intelligent, or voluntary—because his attorney did not tell him that he would be deported if he pleaded guilty. (*Affidavit,* Doc. 130-1, PAGEID # 558). Petitioner maintains that avoiding deportation was his paramount concern, and his attorney improperly assured him that he would not be deported. According to Petitioner, he did not know that his guilty plea would result in adverse deportation consequences because his Plea Agreement did not include any such term. (*Petition,* Doc. 130, PAGEID # 534). In connection with this claim, Petitioner also complains that the Court failed to advise him that he would face mandatory deportation as a result of his guilty plea, in violation of Rule 11 of the Federal Rules of Criminal Procedure. The record reflects the following exchange in this regard:

> COURT: Do you understand that you will be deported, very likely?
>
> DEFENDANT: Yes, I do.

(*Transcript*, Doc. 130-1, PAGEID # 574.) Petitioner nonetheless alleges that, had he known that he would be deported as a result of his guilty plea, he would not have pleaded guilty. He claims that he instead would have proceeded to trial, and he requests an evidentiary hearing on this issue.

Respondent has submitted the Affidavit of Attorney Andrew T. Sanderson, Petitioner's former defense counsel, in response to Petitioner's claims. Attorney Sanderson indicates as follows:

> Mr. Douglas knew fully that he was facing deportation as a result of his conviction. Mr. Douglas was also facing the revocation of his supervised release on a case of Illegal Re-entry. Mr. Douglas' original deportation formed the basis of our arguments, in part, for a lesser sentence – he would be deported and therefore

5

> should not be simply warehoused when he would not be released in the United States;
>
> That the plea agreement did not address deportation because it was not an issue. Mr. Douglas knew he was in the country illegally, had been deported before and had previously been convicted of illegal re-entry. He specifically expressed that he had returned to the United States knowing it was illegal to make money that he could not earn in Jamaica.
>
> That Mr. Douglas' desire to plea was against my recommendation and that a motion to withdraw his plea was filed and argued. Mr. Douglas was repeatedly advised that a plea without a proffer did little, if anything, to mitigate his circumstances. He was unwilling to go to trial because he did not want to place his son – a co-defendant – in further jeopardy.
>
> That, as a part of the plea agreement, Mr. Douglas agreed to waive his right to appeal in an effort to mitigate the sentence imposed, as such, no appeal of the two point role enhancement was filed on behalf of Mr. Douglas;
>
> That I tried repeatedly to get Mr. Douglas to take his case to trial and that he refused. These discussion[s] continued after the plea was entered and up until sentence was imposed. At no time did Mr. Douglas bring up the issue of his deportation and all discussions related to the trial decisions were related to the length of sentence imposed.

(Doc. 137-1, PAGEID # 641–42).

It is undisputed that an attorney has an obligation to advise his client if a guilty plea will result in the risk of deportation, and the failure to do so constitutes ineffective assistance of counsel. *Padilla v. Kentucky*, 559 U.S. 356, 373-74 (2010). Further, a petitioner may demonstrate prejudice from such failure "by establishing 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial,'[] or that, had he been properly advised by counsel during the plea negotiations, he 'would have bargained for a more favorable plea[.]'") *McCasland v. United States*, No. 1:15-cv-02700-JDB-egb, 2019 WL 945951, at *3 (W.D. Tenn. Feb. 26, 2019) (citing *Hill v. Lockhart*, 474 U.S. at 59; *Rodriguez-Penton*, 905 F.3d at 488); *see also Sandoval Hernandez v. Barr*, -- F. App'x --, --, 2019 WL 1040357, at *2 n.1 (citing *Rodriguez-Penton v. United States*, 905 F.3d 481, 488 (6th Cir. 2015) (A criminal defendant

may establish prejudice in these circumstances "by showing that he would have negotiated a plea deal that did not carry adverse immigration consequences.").

Here, the record indicates that Petitioner previously had been removed three times from the United States, and in August 2009, had been permanently barred from re-entry into the United States when he was convicted of illegally re-entering the United States after previously being deported. At the time of his guilty plea hearing, he therefore was facing charges for violating the terms of his supervised release based on his illegal re-entry into the United States. *See* PreSentence Investigation Report, Case No. 2:09-CR-198; PreSentence Investigation Report, ¶ 58. And the United States Immigration and Customs Enforcement ("ICE") had placed a detainer against the Petitioner. In view of this record, Petitioner's current claim that he did not know that he faced certain deportation upon the entry of his guilty plea, or that he would have proceeded to trial had he known about the mandatory deportation consequences of his guilty plea, is simply unbelievable. The Plea Agreement did not need to include a provision regarding Petitioner's immigration status.

In addition, the Court complied both with Rule 11(b)(1)(O) of the Federal Rules of Criminal Procedure, and *Padilla*, by ensuring that Petitioner understood, at the time of his guilty plea that that it was "very likely" he would be deported. *See* Advisory Committee Notes to Rule 11(b)(1)(O); *United States v. Ataya*, 884 F.3d 318, 324 (6th Cir. 2018) (holding that Rule 11 requires only a "general statement that there may be immigration consequences of conviction," or a "generic warning" regarding immigration consequences); *see also United States v. Pola*, 703 F. App'x 414, 418-19 (6th Cir. 2017) (holding that the failure to advise defendant that he would be subject to automatic deportation does not constitute ineffective assistance of counsel, where the record is clear that Petitioner knew his guilty plea would implicate deportation and his passport had already been surrendered to ICE at the time of his guilty plea); *Maiyo v. United States*, 576 F.

App'x 567, 570 (6th Cir. 2014) (concluding no ineffective assistance where the record indicated that the petitioner was advised that his conviction carried a risk of deportation). Further, Petitioner explicitly stated that he understood. (*Transcript*, Doc. 130-1, PAGEID # 574). *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

In view of this record, it is highly unlikely that Petitioner could somehow establish deficient performance, and it is certainly clear that he cannot establish prejudice from counsel's alleged failure to discuss with him the deportation consequences of his guilty plea. And no evidentiary hearing is required to resolve this claim. *See Huff v. United States*, 734 F.3d 600, 608 (6th Cir. 2013) (holding that the failure to hold an evidentiary hearing of no import where the alleged defective performance is inconsequential). Indeed, no evidentiary hearing is required where, as here, "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts, no hearing is necessary." *Id*. at 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *see also Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003).

Petitioner also asserts that he was denied the effective assistance of counsel because his attorney failed to object to the two-point enhancement of his recommended Guideline sentence under U.S.S.G. § 3B1.1(a) for his conduct as an organizer or leader in the offense. However, the record reflects that defense counsel specifically objected to the enhancement of Petitioner's recommended sentence on this basis. (*See Supplement to Sentencing Memorandum for Defendant Adrian Douglas*, Doc. 112, PAGEID # 426-29). Defense counsel argued for a zero increase in Petitioner's recommended sentence based on Petitioner's leadership role in the offense. (*Transcript*, Doc. 125, PAGEID # 480). The Court ruled that Petitioner would receive a two-level

adjustment for his role in the offense, rather than the four-level increase that had been recommended by the probation officer. (*See Presentence Investigation Report*, ¶ 46; *Transcript,* Doc. 125, PAGEID # 476-78). The Court ultimately imposed a term of 144 months imprisonment, a sentence that was well below Petitioner's recommended Guideline range of 210 to 262 months. Additionally, the Court sentenced Petitioner to one year and one day for violating the terms of his supervised release in Case No. 2:09-CR-198, ordering such sentence to be served consecutively to Petitioner's sentence in this case. (*Transcript*, Doc. 125, PAGEID # 500). The record does not reflect that defense counsel could have obtained the imposition of any lesser sentence, and Petitioner has failed to establish the denial of the effective assistance of counsel in regard to his attorney's performance at sentencing.

### B. Remaining Claims

Petitioner's remaining claims are waived under the terms of his Plea Agreement. (Doc. 50, PAGEID # 204). This waiver of appeal provision is binding, so long as it is made knowingly and voluntarily. *See Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998) (citing United States v. Ashe, 47 F.3d 770, 775–76 (6th Cir. 1995); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir. 1995)); *see also United States v. Hoskins,* No. CRIM. 03-55-KKC, Civ.A. 05-448, 2006 WL 1044269, at *3 (E.D. Ky. April 19, 2006) (holding that a criminal defendant may waive his right to appeal and the right to seek collateral relief) (citing *United States v. Watson*, 165 F.3d 486, 488–89 (6th Cir. 1999)). Here, the record does not reflect that his waiver of rights was anything but knowing and voluntary. The prosecutor indicated at the time of Petitioner's guilty plea hearing, that under the terms of the Plea Agreement, Petitioner had agreed to waive any right to appeal the sentence unless it exceeded the statutory maximum. Petitioner's waiver of appeal did not apply to claims of ineffective assistance of

9

counsel or prosecutorial misconduct. (*Transcript*, Doc. 130-1, PAGEID # 573). Petitioner agreed to these terms. He acknowledged that he had read, signed, and discussed the terms of the Plea Agreement with his counsel. (*Id.*) He confirmed that he understood the terms of the Plea Agreement completely. (*Id.*).

Because Petitioner "waive[ed] his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement. . . ." *United States v. Mizori*, 604 F. App'x 413, 417 (6th Cir. 2015) (internal quotation marks and citation omitted); *see also United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012) ("Enforcing appeal waivers makes good sense," by providing the defendant a means of gaining concessions from the government, and saving the government time and money involved in arguing appeals) (citing *United States v. Elliott*, 264 F.3d 1171, 1173–74 (10th Cir. 2001)); *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) ("When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement[.]") (quotation marks and citation omitted)); *Hernandez v. United States,* Nos. 99 CR 204 (JGK), 02 CV 1663 (JGK), 2003 WL 223467, at *3 (S.D.N.Y. Jan. 31, 2003) (holding that waiver of right to challenge sentence in plea agreement precluded defendant from raising the issue in § 2255 proceedings). Therefore, the waiver is enforceable and precludes consideration of the remainder of Petitioner's claims.

## V. RECOMMENDED DISPOSITION

The Undersigned **RECOMMENDS** that this action be **DISMISSED**, and Petitioner's request for an evidentiary hearing is **DENIED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: August 20, 2019              /s/ Kimberly A. Jolson
                                   KIMBERLY A. JOLSON
                                   UNITED STATES MAGISTRATE JUDGE