# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Adrian Anthony Douglas,

    Petitioner,

v.

United States of America,

    Respondent.

Case No. 2:18-cv-1515
Crim. No. 2:17-cr-36
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On August 20, 2019, the Magistrate Judge issued an Order and Report and Recommendation recommending that the Motion to Vacate under 28 U.S.C. § 2255, ECF 130, be dismissed and denying Petitioner's request for an evidentiary hearing. ECF 144. Petitioner has objected. ECF 145. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection, ECF 145, is **OVERRULED**. The Order and Report and Recommendation, ECF 144, is **ADOPTED** and **AFFIRMED**. The Motion to Vacate under 28 U.S.C. § 2255, ECF 130, is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the recommended dismissal of this action without an evidentiary hearing. He complains that neither the Court nor his attorney informed him he would suffer mandatory deportation as a result of his guilty plea. He claims that his attorney instead told him that he would not be deported because his Plea Agreement did not include a provision regarding deportation

consequences. According to Petitioner, had he known that he would be deported, he would not have entered a guilty plea.

The record refutes these allegations. Petitioner had been removed from the United States three times previously and permanently barred from re-entry into the United States. At the time of his guilty plea, he also faced charges for violating the terms of his supervised released based on his illegal re-entry into the United States, and the United States Immigration and Customs Enforcement ("ICE") had placed a detainer against him. Moreover, the Court advised Petitioner that it was "very likely" that he would be deported. The Petitioner indicated that he understood. In view of this record, no evidentiary hearing is required to resolve Petitioner's claims.

Petitioner's Objection, ECF No. 145, is **OVERRULED**. The Order and Report and Recommendation, ECF No. 144, is **ADOPTED** and **AFFIRMED**. The Motion to Vacate under 28 U.S.C. § 2255, ECF No. 130, is **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —-U.S. ——. ——, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

2

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate this Court's resolution of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**