UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America,**

v.                                                            Case No. 2:17-cr-36

**Adrian Anthony Douglas,**                   Judge Michael H. Watson

**Defendant.**

### OPINION AND ORDER

In February 2018, Defendant was sentenced to 144 months' imprisonment and 5 years' supervised release for conspiring to possess with intent to distribute and distributing more than 1,000 kilograms of marijuana and conspiring to commit money laundering. Judgment, ECF No. 121.

Defendant moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 130, but the Court denied his motion. ECF No. 147. The United States Court of Appeals for the Sixth Circuit declined to issue a Certificate of Appealability. ECF No. 153.

Thereafter, Defendant moved for compassionate release and immediate deportation to Jamaica, which the Court also denied. ECF Nos. 171, 175. Defendant now moves again for compassionate release. ECF No. 184.

### I.     STANDARD OF REVIEW

Before considering the merits of a compassionate release motion, the Court must determine whether the defendant has exhausted his administrative

remedies. The compassionate release statute plainly states a defendant may not move until the earlier of: (1) his "exhaust[ion of] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). This statutory administrative exhaustion requirement is a mandatory claims-processing rule that must be enforced when properly invoked. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). On the other hand, waiver and forfeiture are both exceptions to the rule. *Id.* (citation omitted).

If the movant has properly exhausted administrative remedies, the Court may consider his motion on the merits. That involves a three-step test. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020). First, the Court determines whether "extraordinary and compelling" reasons exist to warrant a sentence reduction. *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the Court must conclude that a "reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* at 1108. Third, the Court must consider any applicable § 3553(a) factors and determine whether the circumstances of the case warrant a reduction. *Id.* The Sixth Circuit has developed caselaw regarding each step.

At Step 1, district courts have "discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release," at least until the Sentencing Commission adopts a policy statement covering defendant-

filed motions. *Id.* at 1109. The Court's discretion is not unlimited, however, and the Sixth Circuit has identified several things that do not amount to extraordinary and compelling reasons warranting a sentence reduction.

At Step 2, the Sixth Circuit has held that the Commission's policy statement in United States Sentencing Guideline § 1B1.13 is not "applicable" to defendant-filed motions. *E.g.*, *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) ("Until the Sentencing Commission updates its policy statement to include defendant-filed motions, district courts retain discretion to define 'extraordinary and compelling' without reference to the Sentencing Commission's guidance." (citation omitted)); *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021); *Jones*, 980 F.3d at 1108. Thus, although compassionate release motions involve a three-step analysis, as a practical matter, the Court's analysis involves only Step 1 and Step 3 when the motion is filed by a defendant as opposed to the Bureau of Prisons.

At Step 3, the Court may consider factors it was prohibited from considering at Step 1. *E.g.*, *Jarvis*, 999 F.3d at 445; *Hunter*, 12 F.4th at 568–69; *cf. McCall*, 56 F.4th at 1058–59. Moreover, "[s]ome of the § 3553(a) factors, including the 'need to provide just punishment' and 'to reflect the seriousness of the offense,' allow courts to consider the 'amount of time' that a defendant has served on a sentence when deciding whether to grant a sentence reduction." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (citations omitted). At the same time, a court may consider the danger a defendant poses to society,

along with the nature and circumstances of his offense, when considering at Step 3 whether the § 3553(a) factors warrant release. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)).

In any event, a court does not abuse its discretion in failing to analyze the § 3553(a) factors if it finds no extraordinary and compelling reason warrants a reduction in sentence. *United States v. Falkowski*, No. 21-5972, 2022 WL 14168931, at *2 (6th Cir. Aug. 11, 2022) ("[W]hen a district court determines there was no extraordinary and compelling reason to grant the motion, it doesn't abuse its discretion in not considering the § 3553(a) factors." (citation omitted)).

With these rules in mind, the Court proceeds to analyze Defendant's motion.

## II. ANALYSIS

Tragically, Defendant's son—who was also a co-defendant in this case—was murdered in January 2023. *E.g.*, Mot., ECF No. 184. Defendant seeks compassionate release based on the loss of his son, Defendant's age (54), and his health problems, which include kidney complications, high cholesterol, and high blood pressure. *Id.* At bottom, Defendant wants to return to Jamaica to live with his family and mourn the loss of his son. *Id.* He asserts that he has no desire to return illegally to the United States or to engage in drug trafficking. *Id.*

The Government did not respond to Defendant's motion.

As a preliminary matter, Defendant has not shown that he exhausted all available administrative remedies with this current motion. Nonetheless, and

because the Government did not raise exhaustion as a defense, the Court does not rely on failure to exhaust. Instead, the Court denies Defendant's motion on a finding that Defendant has failed to demonstrate that extraordinary and compelling circumstances warrant compassionate release, and the § 3553(a) factors do not support release.

The murder of Defendant's son is undeniably heartbreaking. Nonetheless, it does not amount to an extraordinary and compelling reason that warrants Defendant's premature release from prison. This is partly because, unfortunately, there is nothing Defendant can do to change the situation if released. Although Defendant of course desires to grieve with the rest of his family members in Jamaica, Defendant is able to grieve the loss of his son while incarcerated. Nor do the general health concerns Defendant mentions rise to the level of "extraordinary and compelling."

Additionally, release is not warranted after consideration of the § 3553(a) factors. The Court addressed the same when it denied compassionate release in 2021, and the analysis in that Order applies with equal force today. *See* Order, ECF No. 175. Importantly, the Court simply does not credit Defendant's assertion that he "won't be returning to the United States upon deportation," Mot. ECF No. 184, and finds that continued incarceration is necessary to afford adequate deterrence and to protect the public.

## III. CONCLUSION

For the above reasons, Defendant's motion is **DENIED**, and the Clerk shall terminate ECF No. 184.

**IT IS SO ORDERED.**

*[Signature]*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**